[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13600

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSEPH T. HOLBERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cr-00026-TKW-1

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Appellant Joseph Holbert challenges as substantively unreasonable the 300-month sentence the district court imposed after he pleaded guilty to two counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). After careful review, we affirm.

**I.**

Holbert installed a hidden camera in an outdoor shower on his family's property to secretly record a nine-year-old member of his extended family and her eight-year-old friend using the shower to rinse off and change clothes after swimming. One day while using the shower, the children saw a black wire protruding through an opening in the shower wall. When they pulled the wire, they found a cell phone attached to it. One of the children looked through the opening in the shower wall and saw Holbert hiding in a crawlspace underneath the house and filming them. The children immediately reported the incident to an adult, who called the police and confronted Holbert. Holbert fled before police arrived.

The next day, after securing a warrant, police arrested Holbert. When officers located Holbert's cell phone after his arrest, it had been severely damaged and was missing its SIM card.

That day, officers also discovered a second camera hidden by Holbert. He placed this camera inside a wall outlet in the nine-year-old's bedroom. This camera, which was set up at a height and angle

to capture the children's genital areas when they were standing, had recorded both children while they were changing clothes.

When officers retrieved the second camera, they noticed a wire running to a swing set in the yard. They discovered that Holbert had installed a homemade internal vibrating mechanism on one swing and had the children sit on that swing.

Although Holbert's cellphone was severely damaged, officers were able to extract data from its motherboard. They ultimately recovered 775 images and one video of child pornography from the phone, all of which came from the hidden cameras that Holbert had installed in the outdoor shower and the child's bedroom to record the two children. Officers discovered that Holbert had manipulated some of the images to magnify the children's genital areas.

Holbert pleaded guilty to two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). For each count, he faced a statutory minimum sentence of 15 years and a maximum sentence of 30 years. At sentencing, the district court calculated his guidelines range as 360 to 720 months' imprisonment.

Holbert requested that the district court grant a downward variance and impose a total sentence of 15 years. He argued that this sentence was reasonable given his limited criminal history. He asked the court to consider his substance abuse problem and that he was addicted to methamphetamine when he committed the crimes. He also argued that a 15-year sentence would be adequate

to deter future crimes. And he urged the court to consider his age, noting that with a 15-year sentence, he would be nearly 70 years old when he was released from prison, and with a 30-year sentence, he would be nearly 85 years old at the time of his release. In a letter to the court, he admitted his guilt, took full responsibility for his actions, and apologized for the harm he had caused.

The government requested that the court impose a total sentence of 360 months. It argued that a 15-year sentence was too short given the seriousness of Holbert's conduct, which involved repeatedly recording the children, using multiple hidden cameras, manipulating images of the children, and trying to destroy evidence.

The district court imposed a total sentence of 300 months' incarceration followed by a lifetime term of supervised release. The court imposed the sentence after considering the sentencing factors in 18 U.S.C. § 3553(a).[1] In explaining why the sentence was

---

[1] Under § 3553(a), a district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

reasonable, the court discussed Holbert's history and characteristics, acknowledging his limited criminal history as well as letters from his family describing him as compassionate, hardworking, and helpful. But it also focused on the nature and circumstances of the offenses, which included Holbert filming the children, going to great lengths to set up hidden cameras, and manipulating images of the children. And it mentioned the need to deter Holbert from committing future crimes.

This is Holbert's appeal.

## II.

We review the substantive reasonableness of a district court's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

## III.

Despite the district court's substantial downward variance, Holbert argues that his 300-month sentence is substantively unreasonable and should have been shorter. We conclude that the district court did not abuse its discretion.

We will reverse a sentence for substantive unreasonableness "only if[] we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted). Importantly, "the weight given to any

specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). In addition, although there is no presumption of reasonableness, "[w]e ordinarily expect that a sentence falling within the guideline range will be reasonable, and a sentence imposed well below the statutory maximum penalty indicates reasonableness." *United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir. 2022) (internal quotation marks omitted). The party challenging the sentence bears the burden of showing that it is substantively unreasonable. *United States v. Boone*, 97 F.4th 1331, 1338–39 (11th Cir. 2024).

Holbert argues that his sentence is substantively unreasonable because under it he will remain in prison until he is approximately 80 years old, if he survives that long. But the fact that Holbert is serving a lengthy sentence and will remain incarcerated until an advanced age does not automatically mean that his sentence is unreasonable. *See United States v. Mosquera*, 886 F.3d 1032, 1052 (11th Cir. 2018) ("[A] sentence which may result in a defendant passing away while in custody, however tragic, is neither automatically a life sentence nor presumptively unreasonable.").

Holbert also asserts that his sentence is unreasonable because there is no penological purpose that supports "continu[ing] to warehouse a person" for more than 15 years, particularly when he will remain on supervised release for the rest of his life. Appellant's Br. 7. He ties his lengthy sentence to the "problem of mass incarceration" in our country, which, he says, results in "the incarceration of individuals for far too long." *Id.* at 12. But we recently

rejected a nearly identical argument from another defendant serving a lengthy sentence in a child pornography case, explaining that "we have upheld as reasonable equally lengthy sentences in cases involving child sex crimes based on the nature of the offense." *See Boone*, 97 F.4th at 1342.

Holbert's challenge to the substantive reasonableness of his sentence boils down to a disagreement with how much weight the district court gave certain § 3553(a) factors. But the decision about how much weight to assign a particular factor is committed to the sound discretion of the district court. *See Croteau*, 819 F.3d at 1310. Given the serious nature of Holbert's offenses, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment" in imposing the 300-month sentence. *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). On top of that, Holbert's sentence is below the advisory guidelines range and well below the statutory maximum for his offenses, which further supports the conclusion that his sentence was reasonable. *See Woodson*, 30 F.4th at 1308. Accordingly, we affirm.

**AFFIRMED.**